## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**JOSEPH C. MORRELL, III**                                                              **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 1:21-cv-00073-BWR**

**JACKSON COUNTY, et al.**                                                           **DEFENDANTS**

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. After considering the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

### I. BACKGROUND

On March 18, 2021, *pro se* Plaintiff Joseph C. Morrell, III, filed this civil action under 42 U.S.C. § 1983, challenging the conditions of his confinement at the Jackson County Adult Detention Center in Pascagoula, Mississippi. Compl. [1] at 2-6. He sued Jackson County, Mike Ezell, Mitchell McMillian, and Tyrone Nelson. *Id*. at 2-3; Order [14] at 1. The Court permitted Morrell to proceed *in forma pauperis*, Order [9], so this civil action was screened under 28 U.S.C. § 1915, *et seq*.[1] During that time, Morrell was warned repeatedly that it is his responsibility to prosecute this case, including notifying the Court about a change of address and timely complying with Court orders. *E.g.*, Order [2] at 2; Order to Show Cause [4] at 2; Order [6] at 2; Order

---

[1] "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (A) the allegation of poverty is untrue; or (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Setting Payment Schedule [9] at 2; Order [10] at 2; Order [14] at 2; Order [18] at 2; Order [30] at 3; Order Requiring Plaintiff to Respond [43] at 2; Order to Show Cause [45] at 2; Second and Final Order to Show Cause [47] at 2.

All Defendants waived service of process [19] [20] [21] [22] and answered [25] Morrell's Complaint. The parties appeared for an Omnibus Hearing on January 18, 2022, and the Court subsequently established certain case-management deadlines. Under that schedule, Defendants filed a Motion for Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies. Mot. [32]; Memo. [33]. The Court then suspended the remaining case-management deadlines pending the resolution of Defendants' Motion [32]. (Text-Only Order, June 16, 2022).

Shortly thereafter, several documents mailed to Morrell were returned to the Court as undeliverable. *E.g.*, Envelope [38]; Notice [39]; Envelope [40]; Envelope [42]. Thus, on December 5, 2022, the Court ordered Plaintiff to file a written response on or before December 19, 2022, to advise the Court about his custody status and to signify whether he "wish[es] to proceed with this lawsuit." Order [43] at 1. That Order [43] warned Morrell that "[f]ailure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice." *Id*. at 2. The Order [43] was mailed to Morrell at his last-known mailing address, and it was returned to the Court as undeliverable in an envelope marked: "Return to sender, No longer at this facility." Envelope [44]. Morrell did not comply by the December 19 deadline.

On December 20, 2022, the Court ordered Morrell to show cause why this case

2

should not be dismissed for his failure to comply. Order [45]. The Court extended Morrell's responsive deadline to January 3, 2023, and warned him "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address may lead to dismissal of [his] Complaint." *Id*. at 2. The Order to Show Cause [45] was mailed to Morrell at his last-known address, along with another copy of the Court's December 5 Order [43]. This mailing was returned to the Court as undeliverable in an envelope marked: "Return to sender, No longer at this facility." Envelope [46]. Morrell did not respond by the January 3 deadline.

From an abundance of caution, the Court entered a Second and Final Order to Show Cause [43] on January 4, 2023, directing Morrell to file a written response to "explain why this case should not be dismissed for failure to communicate with the court and comply with the Court's Orders [43] [45]." Order [47] at 2. Morrell was given until January 18, 2023, to respond, and he was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to [him]." *Id*. Morrell was cautioned that this was his "final opportunity to comply with the Court's Orders [43] [45]." *Id*. The Second and Final Order to Show Cause [47] was mailed to Morrell at his last-known address, along with copies of the Court's December 5 Order [43] and December 20 Order [45]. That mailing was also returned to the Court as undeliverable in an envelope marked: "not [at] this facility." Envelope [48]. Morrell did not respond by the January 18 deadline.

To date, Morrell has not responded to the Court's December 5, December 20,

3

or January 4 Orders [43] [45] [47] or otherwise contacted the Court about his case. He has not taken any action in this case since April 15, 2022. Resp. [34].

## II. DISCUSSION

The Court may dismiss an action *sua sponte* for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30; *see also, e.g.*, *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming *sua sponte* dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (same).

Morrell did not comply with three Court Orders [43] [45] [47], after being warned eleven times that failing to do so may lead to the dismissal of his case. *E.g.*, Order [2] at 2; Order to Show Cause [4] at 2; Order [6] at 2; Order Setting Payment Schedule [9] at 2; Order [10] at 2; Order [14] at 2; Order [18] at 2; Order [30] at 3; Order Requiring Plaintiff to Respond [43] at 2; Order to Show Cause [45] at 2; Second and Final Order to Show Cause [47] at 2. Despite these warnings, Morrell has not contacted the Court or taken any action in this case since April 15, 2022. That inaction includes his failure to advise the Court of his current address—though he

4

was advised on more than one occasion that it is his responsibility to do so, and he demonstrated his understanding of this directive by updating his address twice before. *See* Notice [8]; Notice [27]. Nor has the Court been able to locate Morrell's current address by independent research. Given his clear record of delay and contumacious conduct, it is apparent that Morrell no longer wishes to pursue this lawsuit.

Moreover, the statute of limitations on Morrell's claims has not expired. *See Showers v. City of Bay St. Louis*, No. 1:19-cv-00323-TBM-RPM, 2022 WL 989149, at *2 (S.D. Miss. Mar. 31, 2022) ("The statute of limitations for Section 1983 claims in Mississippi is three years.") (citation, quotation marks, and brackets omitted). Under these circumstances, dismissal without prejudice is warranted.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this 20th day of January, 2023.

s/ *Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE